**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-81709-CV-ROSENBERG**
**(18-80154-CR-ROSENBERG)**
**MAGISTRATE JUDGE REID**

JERMAINE KHIRY NELOMS,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

<u>**REPORT OF MAGISTRATE JUDGE**</u>

This matter is before the court on movant's amended motion to vacate, filed under 28 U.S.C. § 2255. [Cv-ECF No. 6]. The undersigned has reviewed all pertinent portions of the records in both this case and the underlying criminal case. As discussed below, the amended motion should be **DENIED**.

## I.    Background

A federal grand jury returned a 13-Count indictment charging movant with: conspiracy to possess with intent to distribute 100 grams or more of heroin (Count One), in violation of 21 U.S.C. § 841(a)(1) and 846; possession with intent to distribute detectable amounts of heroin, fentanyl, or cocaine (Counts Two -- Six, Eight, Eleven, and Twelve), in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm (Counts Seven and Ten), in violation of 18 U.S.C. §

922(g)(1); and possession of a firearm in furtherance of a drug trafficking offense (Counts Nine and Thirteen), in violation of 18 U.S.C. § 924(c). [Cv-ECF No. 8-1].

Pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, the government notified movant that, if convicted of Count One, he would "qualify for [an] enhanced sentence" and "face a statutory minimum-mandatory term of ten (10) years up to a maximum term of life in prison" based on his Florida conviction for sale of cocaine, a second-degree felony. [Cv-ECF No. 8-2 at 1, 5].[1]

Pursuant to a written plea agreement, he agreed to plead guilty to Counts One, Ten, Eleven, and Thirteen. [Cv-ECF No. 8-4 at 1]. The plea agreement states that he understood and acknowledged that, as to Count One, the court "must impose a mandatory-minimum term of ten (10) years imprisonment up to a statutory maximum term of life." [*Id.* at 2]. Furthermore, as to the § 924(c) charge in Count Thirteen, the plea agreement states that the court "must impose a statutory mandatory-minimum term of five (5) years imprisonment up to life imprisonment ***to be served consecutively to the terms . . . imposed for the other counts***." [*Id.* at 3]. Additionally, the plea agreement states that, although not binding on the court, the parties would jointly recommended a sentence at the very low end of the guideline imprisonment range, which they "reasonably believe[d]" would be "**120 months** as

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

to Counts One, Ten, and Eleven plus a consecutive **60 months** for Count Thirteen, for a total sentence of 180 months . . . imprisonment." [*Id.* at 3-4]. Moreover, the plea agreement contained a broad appeal waiver. [*Id.* at 7-8].

According to the factual proffer, movant was a convicted felon when he committed the offense conduct. [Cv-ECF No. 8-5 at 5]. His criminal history included Florida convictions for sale of cocaine and possession of a firearm by a convicted felon, [*id.*], for both of which he served less than a year in prison, Presentence Investigation Report ("PSI") ¶¶ 56, 58. The proffer further stated that, in a phone call to his father, movant said, "I ain't supposed to have no [sic] gun." [Cv-ECF No. 8-5 at 4-5].

During his plea colloquy, he stated that the government could have proved the facts in the proffer beyond a reasonable doubt if the case went to trial. [Cv-ECF No. 8-3 at 32] Also, he acknowledged that he had received the government's notice that he would qualify for an enhanced sentence if convicted of Count One. [*Id.* at 2-3].

With a total offense level of 23 and criminal history category of V, the guideline imprisonment range was 84 to 105 months. PSI ¶ 108. However, he was "subject to a 10 years minimum mandatory sentence as to Count One" and, therefore, "the guideline range [was] 120 months imprisonment." *Id.* Also, as "to Count Thirteen, a term of imprisonment of five years under . . . § 924(c)[] [would] run consecutive to any other term of imprisonment." *Id.* ¶ 107.

On January 28, 2019, the court sentenced movant to a total term of 180 months' imprisonment. [Cv-ECF No. 8-8 at 1, 9]. He did not object to the PSI's findings regarding his criminal history. *See* [*id.* at 3-6]. The court entered judgment on January 31, 2019. [Cv-ECF No. 8-8 at 1]. He did not appeal.

Movant timely filed a § 2255 motion, [Cv-ECF No. 1], which he amended, [Cv-ECF No. 6]. The government responded. [Cv-ECF No. 8]. Initially, the undersigned appointed counsel and scheduled an evidentiary hearing on his claim that his attorney provided ineffective assistance regarding his direct criminal appeal, causing him to lose this right. [Cv-ECF No. 9 at 1].

Later, the government filed a notice of supplemental information. [Cv-ECF No. 10]. The notice states that, in preparing for the hearing, movant's counsel, Michael Cohen, retrieved his file and found a "document indicat[ing] that Movant did not wish to pursue an appeal in his underlying criminal case." [*Id.* at 1]. The document, which movant dates January 28, 2019 (the date of sentencing) and signs, states: "I do not wish to appeal my sentence." [Cv-ECF No. 10-1].

The undersigned ordered counsel for movant to brief whether an evidentiary hearing was still appropriate in light of movant's signed statement that he did not wish to appeal his sentence. [Cv-ECF No. 11]. Counsel filed a one-page supplemental brief stating, in its entirety, that he "had an opportunity to discuss the

exhibit with" movant and that movant "wishe[d] to proceed with the claim of ineffective assistance of counsel." [Cv-ECF No. 12 at 1].

Because, as discussed below, movant's claim that counsel provided ineffective assistance regarding his direct appeal is contradicted by the record and frivolous, the undersigned canceled the evidentiary hearing.

## II.    Analysis

A.    <u>Claim One</u>

Movant contends that he told Mr. Cohen the day before sentencing and at sentencing that he wanted to appeal and instructed him to appeal because: (1) he did not agree with the 180-month sentence; (2) did not believe that his Florida conviction for sale of cocaine warranted an enhanced sentence; and (3) "the drug amounts were way too high." [Cv-ECF No. 6 at 14-15]. Further, he contends that counsel told him that he "had waived his right to appeal" and "never spoke or communicated with [him] again." [*Id.* at 14]. Movant adds that he would have appealed had counsel advised him of the advantages and disadvantages of appealing, told him that claims of sentencing error are not cognizable under § 2255, and explained that failing to appeal constitutes a procedural default. *See* [*id.* at 15].

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). However, "a defendant who

explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* (citation omitted).

Here, however, movant's signed statement establishes that he expressly instructed Mr. Cohen not to appeal. He has not challenged the authenticity of the signed statement nor explained why it does not conclusively refute his claim. *See* [Cv-ECF No. 12]. Furthermore, the statement bears the date of the sentencing hearing, where the court informed him that he could appeal and must file a notice of appeal within 14 days after the entry of judgment if he wished to do so. [Cv-ECF No. 8-8 at 11]. These facts, coupled with the signed statement, compel the conclusion that movant expressly told counsel not to appeal after discussing the matter with him.

Movant essentially alleges that Mr. Cohen failed to adequately consult with him about an appeal. Under *Flores-Ortega*, consult means to advise "the defendant about the advantages and disadvantages of taking an appeal" and make "a reasonable effort to discover [his] wishes." 528 U.S. at 478. However, counsel does not have a duty to consult with the defendant when he "explicitly tells his attorney *not* to file an appeal." *See id.* at 477-78.

Additionally, in these circumstances, counsel did not have a duty to consult with movant about an appeal. For one, the signed statement would contradict any

contention that movant "reasonably demonstrated to counsel that he was interested in appealing." *See id.* at 480.

Furthermore, a rational defendant would not have wanted to appeal here. *See generally id.* Courts consider the following nonexhaustive factors to make this determination: "[1] whether the conviction follows a guilty plea, [2] whether the defendant received the sentence bargained for as part of a plea agreement, [3] whether the plea agreement waived appellate rights, and [4] whether there are nonfrivolous grounds for appeal." *Fields v. United States*, 577 F. App'x 916, 919 (11th Cir. 2014) (per curiam) (citing *Flores-Ortega*, 528 U.S. at 480; *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007)).

Here, movant pleaded guilty, waived his appeal rights, and received the 180-month sentence he bargained for. Moreover, as the analysis below shows, there are no nonfrivolous issues for appeal. Finally, his allegation that "the drug amounts were way too high" is contradicted by the factual proffer, *see* [Cv-ECF No. 8-5 at 2-3], and, in any event, too conclusory for relief under *Flores-Ortega* or *Strickland*, *see Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)).

In sum, claim one is conclusively refuted by the record and frivolous. Accordingly, this claim lacks merit and does not warrant an evidentiary hearing. *See*

28 U.S.C. § 2255(b) (evidentiary hearing unnecessary where "the files and records of the case conclusively show that the [movant] is entitled to no relief"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (evidentiary hearing not warranted under § 2255 where the movant's claims are "patently frivolous" or "affirmatively contradicted by the record").

B.    Claim Two

Movant contends that his guilty plea is invalid because no one explained to him that the government had to prove that he knew that he was prohibited from possessing a firearm. [Cv-ECF No. 6 at 16]; *see also United States v. Rehaif*, 139 S. Ct. 2191 (2019). *Rehaif* held that "in a prosecution under . . . § 922(g) . . . , the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Furthermore, liberally construing his amended motion, he contends that he did not know he was prohibited from possessing a firearm because, even though he was convicted of felonies, he did not serve more than a year in prison for them. *See* [Cv-ECF No. 6 at 16].

This claim, which movant did not raise at trial or on direct appeal, is procedurally defaulted. *See generally Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

"A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citation omitted). "This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam) (citations omitted).

"A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule." *Id.* "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* (citing, *inter alia*, *Bousley*, 523 U.S. at 622). Under the second exception, the defendant must show that he is "actually innocent." *Id.* at 1234-35 (citing cases).

"The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citation omitted). A movant may show cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were

9

available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (citations omitted). Furthermore, "[a]ttorney error [during an appeal on direct review] that constitutes ineffective assistance of counsel is cause [to excuse a procedural default]." *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 11 (2012) (citations omitted).

None of these exceptions is present here. Movant's *Rehaif* claim is not novel because the issue it presents was repeatedly and thoroughly litigated in the courts of appeals for decades. *See, e.g.*, *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (per curiam), *abrogated by Rehaif*, 139 S. Ct. 2191; *United States v. Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (citing cases); *see also Bousley*, 523 U.S. at 622 (claim not novel because, "at the time of petitioner's plea, the Federal Reporters were replete with cases involving [the same] challenge[]" (citation omitted)).

Furthermore, while an attorney's errors on direct review may provide cause to excuse a procedural default, movant expressly directed counsel not to appeal. Also, "[i]t is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel." *Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) (per curiam) (collecting cases). Likewise, any perceived futility of the *Rehaif* claim would not constitute cause.

Nor has movant shown actual innocence. "To establish actual innocence, [movant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citation omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* (citation omitted). Thus, "[t]he habeas court must make its determination concerning the [movant's] innocence in light of all the evidence." *Schlup v. Delo*, 513 U.S. 298, 328 (1995).

Here, movant cannot show that he did not know he was a felon when he committed his § 922(g) offense because he had already been convicted of at least three felonies, *see* [Cv-ECF No. 8-5 at 5-6], for at least two of which he served time in prison, PSI ¶¶ 56, 58. His contention that he did not know that he was prohibited from possessing a firearm because he spent less than a year in prison on each conviction fails because: (1) one of the convictions was for possession of a firearm by a convicted felon; and (2) he stated in a phone call to his father that he was not "supposed to have no [sic] gun." [Cv-ECF No. 8-5 at 4-5]. The jury readily could have found from these facts that he knew that he was prohibited from possessing a firearm.

Lastly, any contention that the district court lacked jurisdiction to accept his guilty plea because the indictment alleged a nonoffense after *Rehaif* would fail. *See United States v. Stokeling*, 798 F. App'x 443, 446 (11th Cir. 2020) (per curiam)

("*Rehaif* clarified that a defendant's knowledge of his status as a felon is an element of the offense of being a felon in possession of a firearm, . . . but the omission of a mens rea element from an indictment does not divest the district court of subject matter jurisdiction to adjudicate a criminal case." (citation omitted)); *accord United States v. Moore*, 954 F.3d 1322, 1332-1337 (11th Cir. 2020).

In sum, claim two is procedurally defaulted and meritless.

C.    Ground Three

1.    *Subclaim One*

Movant alleges that his § 922(g) conviction is invalid because it rested on a statute that did not require the government to prove beyond a reasonable doubt that he was prohibited from carrying a firearm. [Cv-ECF No. 6 at 17]. This assertion is false. *See, e.g.*, *Stokeling*, 798 F. App'x at 446 ("*Rehaif* clarified that a defendant's knowledge of his status as a felon *is* an *element of the offense* of being a felon in possession of a firearm . . . ." (emphasis added) (citation omitted)). As with ground two, it appears that this subclaim attacks the validity of his guilty plea. This attack is procedurally defaulted and meritless for the reasons in Part II(B), *supra*.

2.    *Subclaim Two*

Movant contends that his § 924(c) conviction in Count Thirteen is unlawful because it is based on an invalid predicate. *See* [Cv-ECF No. 6 at 17]. According to the indictment, this charge was predicated on the drug trafficking crimes charged in

12

Counts Eleven and Twelve. [Cv-ECF No. 8-1 at 6-7]. Movant pleaded guilty to Count Eleven, which charged him with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). [*Id.* at 6]. Because this offense qualifies as a drug trafficking crime under § 924(c)(1)(A), *United States v. Rivera*, 889 F.2d 1029, 1030-31 (11th Cir. 1989) (per curiam) (collecting cases), this subclaim fails.

Movant also alleges, without support, that § 924(c) is unconstitutional because it "permits an unproven element (companion offense) to serve as a predicate," which violates the "Constitution['s] jury finding requirement." [Cv-ECF No. 6 at 17]. However, assuming this were true, he pleaded guilty to Count Eleven, thereby "giv[ing] up [his] right to have the Government prove each of the elements of the crimes beyond a reasonable doubt." [Cv-ECF No. 8-3 at 24]. Thus, this allegation is unavailing.

Also, "a conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate offense." *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (citation omitted). "Instead, § 924(c) requires only that the predicate crime be one that may be prosecuted." *Id.* (citations omitted). "To satisfy that requirement, the government must show that the defendant used or carried a firearm during and in relation to a . . . drug-trafficking crime, and the factual

proffer can be a sufficient basis for a district court to determine that a defendant committed the underlying drug-trafficking crime." *See id.* (citation omitted).

Here, movant acknowledged during his plea colloquy that the government "could have proved beyond a reasonable doubt" the facts in the proffer used to "support [his] guilty plea" and that those facts "contain[ed] all of the essential elements of the crimes." [Cv-ECF No. 8-3 at 25-26, 32-33]. In short, the record shows that he committed the companion § 841(a)(1) offense.

To the extent movant alleges that the jury must decide whether the § 841(a)(1) offense qualifies as a drug trafficking crime under § 924(c), this is false because this question is "legal" one for the court. *See Mercado v. United States*, 720 F. App'x 1018, 1019 (11th Cir. 2018) (per curiam) (citation omitted).

In sum, ground three lacks merit.

D.    Ground Four

Movant alleges that his prior Florida conviction for sale of cocaine is not a "felony drug offense" under 21 U.S.C. § 841(b)(1)(C) and, therefore, should not have been used to enhance his sentence for Count One. *See* [Cv-ECF No. 6 at 19]. This argument fails because this conviction qualifies as a felony drug offense under § 841(b)(1)(C). *See Woodson v. English*, No. 5:14-CV-146-RS-EMT, 2014 WL 7251626, at *6 (N.D. Fla. Dec. 18, 2014) (citation omitted); *cf. United States v. Richardson*, 273 F. App'x 793, 794-97 (11th Cir. 2008) (per curiam). The case

movant cites to support this allegation involves 18 U.S.C. § 924(e) and is irrelevant. *See generally Shular v. United States*, 140 S. Ct. 779 (2020). Counsel did not deficiently fail to raise this challenge to the § 841(b)(1)(C) enhancement because the district court almost assuredly would have rejected it. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." (collecting cases)). Movant's conclusory allegations fail to show counsel's "ignorance of a point of law [] fundamental to his case combined with [] failure to perform basic research on that point." *See Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (citation omitted).

### III.   Evidentiary Hearing

Movant is not entitled to an evidentiary hearing on any of his claims because his allegations are contradicted by the record and frivolous. *See* 28 U.S.C. § 2255(b); *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (collecting cases); *Holmes*, 876 F.2d at 1553.

### IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate

Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). By contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, a certificate of appealability should be denied.

## V.    Recommendations

Based on the foregoing, it is recommended that the amended motion to vacate [Cv-ECF No. 6] be **DENIED**; that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 25th day of August, 2020.


UNITED STATES MAGISTRATE JUDGE


cc:   Alfredo A. Izaguirre
      Alfredo Izaguirre PA
      338 Minorca Avenue
      Coral Gables, FL 33134
      305-442-0425
      Fax: 442-0429
      Email: alfredo@izaguirrelaw.com

      Rinku Talwar Tribuiani
      United States Attorney's Office
      500 S. Australian Avenue
      Suite 400
      West Palm Beach, FL 33401
      561-820-8711
      Fax: 561-659-4526
      Email: rinku.tribuiani@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov